UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-19898 TBM |
| WILD CALLING PET FOODS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, | ) | Adversary Proceeding No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| IH HOLDINGS ELEVEN LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jeffrey L. Hill, chapter 7 trustee, by and through his undersigned counsel, for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5. Wild Calling Pet Foods, LLC ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 25, 2017 (the "Petition Date").

6. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on March 29, 2018 (Docket No. 133).

7. Jeffrey L. Hill ("Trustee") is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. Defendant IH Holdings Eleven LLC ("Defendant") is a Colorado limited liability company with its principal place of business at 333 West Hampden Avenue, Suite 600, Englewood, Colorado 80110.

9. According to Debtor's Statement of Financial Affairs, within the 90 days prior to the Petition Date, Debtor paid Defendant $40,206.27 on August 17, 2017 ("Pre-Petition Payment").

10. Defendant is not listed as a creditor on Debtor's bankruptcy schedules. However, Defendant filed a Proof of Claim on August 6, 2018 for the amount of $168,695.00, claim no. 38.

## FIRST CLAIM FOR RELIEF
### (Avoidable transfer under 11 U.S.C. § 547(b))

11. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 10 above as though more fully set forth in this Claim for Relief.

12. The Pre-Petition Payment was a "transfer" as that term is defined in Section 101(54) of the Bankruptcy Code.

13. The Pre-Petition Payment was made to or for the benefit of Defendant.

14. At the time of the Pre-Petition Payment, Defendant was a creditor of the Debtor.

15. The Pre-Petition Payment was made for or on account of an antecedent debt owed by the Debtor before such transfer was made.

16. The Pre-Petition Payment was made while the Debtor was insolvent.

17. The Pre-Petition Payment was made on or within ninety days of the Petition Date.

18. The Pre-Petition Payment enabled Defendant to receive more than Defendant would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the transfer had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Pre-Petition Payment pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided transfer or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

Dated this 24th day of October, 2019.

                Respectfully submitted,

                WADSWORTH GARBER WARNER CONRARDY, P.C.

                */s/David J. Warner*
                David J. Warner, #38708
                2580 W. Main St., Ste. 200
                Littleton, CO 80120
                303-296-1999 / 303-296-7600 FAX
                dwarner@wgwc-law.com
                Attorneys for the Plaintiff/Chapter 7 Trustee